People v Casillas (2026 NY Slip Op 00204)

People v Casillas

2026 NY Slip Op 00204

Decided on January 15, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 15, 2026

Before: Kennedy, J.P., Gesmer, Rodriguez, Pitt-Burke, Chan, JJ. 

Ind No. 73076/22|Appeal No. 5593|Case No. 2024-03400|

[*1]The People of the State of New York, Respondent,
vCharlie Casillas, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alec D. Miran of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Aidan Sanchez of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Timothy W. Lewis, J.), rendered May 16, 2024, convicting defendant, upon his plea of guilty, of assault in the third degree, and sentencing him to a term of three years of probation, unanimously affirmed.
Under the totality of the circumstances, defendant did not validly waive his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]). The court failed to adequately distinguish between the trial rights defendant forfeited and the appellate rights he waived, as it failed to characterize the waiver of the right of appeal "as separate and distinct from the numerous other trial rights automatically forfeited upon pleading guilty" (People v Bonilla, 211 AD3d 614, 614 [1st Dept 2022]). Moreover, the court did not mention the written waiver or confirm that defendant discussed it with his attorney (id.). The court also suggested that the waiver was an absolute bar to filing an appeal, misleadingly advising defendant that if he waived his right of appeal, the case would be "over" once he pleaded guilty (see People v Gerson, 231 AD3d 490, 490 [1st Dept 2024], lv denied 42 NY3d 1079 [2025]). Further, the court misstated defendant's right to challenge the legality of the sentence, instead informing him only that he could challenge the court's "jurisdiction" to sentence him (see People v Bisono, 36 NY3d 1013, 1017 [2020]). Finally, the court failed to advise defendant that he was entitled to counsel on appeal, and failed to properly explain the appellate process (see People v Amparo, 234 AD3d 605, 606 [1st Dept 2025]; cf. People v Yizar, 240 AD3d 416, 416 [1st Dept 2025], lv denied 44 NY3d 985 [2025]).
Defendant's constitutional challenge to probation condition 7, which requires him to "[a]void injurious or vicious habits [and] refrain from frequenting unlawful or disreputable places" and not to "consort[] with disreputable persons" (Penal Law § 65.10[2][a], [b]), is unpreserved, and we decline to reach it in the interest of justice (see People v Cabrera, 41 NY3d 35, 42 [2023]). As an alternative holding, we reject it on the merits.
Defendant's remaining challenges to condition 7 and to condition 28, the latter of which requires him to "[c]onsent to a search, conducted by a Probation Officer . . . of [his] person, vehicle and place of abode . . . , and seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon or contraband found," do not require preservation (see People v Lowndes, 239 AD3d 574, 575 [1st Dept 2025]; People v Alvarez, 233 AD3d 619, 620 [1st Dept 2024], lv denied 43 NY3d 961 [2025]). Nonetheless, the court providently exercised its discretion in deeming condition 7 "reasonably necessary to insure that the defendant will lead a law-abiding life or to assist him to do so" (Penal Law § 65.10[1]), given that defendant reported daily marijuana use, acted with three other men to assault the victim and steal his car, and had a history of aggressive behavior (see Lowndes, 239 AD3d at 575). For these reasons, the imposition of condition 7 was appropriately "rehabilitative in nature" because it "focus[ed] on restoring the probationer to the status of a law-abiding member of the community" (People v Letterlough, 86 NY2d 259, 264 [1995]).
The court also providently exercised its discretion in deeming condition 28 "reasonably related to defendant's rehabilitation, given defendant's conduct in the instant offense in which he was armed with a [blunt instrument] which he used as a weapon" (People v L.P., 238 AD3d 570, 570-571 [1st Dept 2025]). Defendant's history of physically aggressive behavior in school, resulting in five suspensions, justified the imposition of condition 28. Similarly, the condition was justified by defendant's regular use of marijuana and by the Probation Department's assessment that he could benefit from drug counseling services (see People v Velardo, 228 AD3d 520, 521 [1st Dept 2024], lv denied 42 NY3d 930 [2024]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 15, 2026